THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILO & GABBY, LLC and KAREN KELLER, an individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | No. 13-cv-1932-RSM<br><br>DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS, IN PART<br><br>NOTE ON MOTION CALENDAR: December 20, 2013<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932)

**TABLE OF CONTENTS**

Page

I. INTRODUCTION AND FACTUAL BACKGROUND ............................................................ 1

II. ARGUMENT ............................................................................................................................ 3

    A. Legal Standard ................................................................................................................. 3

    B. Plaintiffs' Unfair Competition Claim (Count III) Should Be Dismissed as Preempted by Federal Law. .......................................................................................... 3

        1. *Preemption Under the Copyright Act.* ................................................................. 5

        2. *Preemption Under Federal Patent Law.* .............................................................. 7

    C. Plaintiffs' Right-of-Publicity Claim (Count V) Should Be Dismissed. ........................... 8

        1. *Plaintiffs Lack Standing to Assert a Right-of-Publicity Claim.* .......................... 8

        2. *The Copyright Act Preempts Plaintiffs' Right-of-Publicity Claim.* .................... 9

            a. *The first prong of the preemption test is satisfied because the basis for the right-of-publicity claim (photographs) "comes within the 'subject matter of copyright.'"* ........................................................................... 9

            b. *The second prong of the preemption test is satisfied because the asserted publicity rights are equivalent to exclusive rights under the Copyright Act.* ................................................................................... 10

    D. Plaintiffs' Trademark Counterfeiting Claim (Count VII) Should Be Dismissed ........... 11

        1. *Plaintiffs Have Not Plausibly Alleged That Amazon Reproduced Milo & Gabby's Registered Trademark.* ........................................................................ 12

        2. *Plaintiffs Plead No Facts Showing the Requisite Intent to Commit Counterfeiting.* .................................................................................................. 13

    E. Plaintiffs Have Pled No Facts Supporting Indirect or Willful Patent Infringement. ................................................................................................................. 14

    F. Plaintiffs Have Pled No Facts Supporting Indirect Copyright Infringement. ................ 15

III. CONCLUSION ..................................................................................................................... 16

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - i

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    Defendant Amazon.com, Inc. ("Amazon") moves to dismiss Counts III, V, and VII of
2  Plaintiffs Milo & Gabby, LLC and Karen Keller's (collectively, "Plaintiffs") Complaint for
3  failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  Amazon also moves to dismiss
4  Count I pursuant to Rule 12(b)(6) to the extent that Count I purports to state a claim of patent
5  infringement pursuant to either 35 U.S.C. § 271(b) or (c), or, in the alternative, to strike
6  Plaintiffs' requests for related injunctive and exceptional relief.  Amazon further moves to
7  dismiss Count II to the extent it purports to state a claim of indirect copyright infringement or, in
8  the alternative, to strike Plaintiffs' request for related injunctive relief.

## I. INTRODUCTION AND FACTUAL BACKGROUND

Amazon is a company that, among other business endeavors, acts as an internet service provider of retail websites such as http://www.amazon.com.  These websites enable third-party sellers to sell a variety of products to the public.

One such third-party seller is called FAC System, LLC ("FAC System").  Until recently, FAC System used Amazon's retail website amazon.com to offer certain animal-shaped pillowcases for sale.  *See* Complaint ("Compl.") at Ex. C.

On October 24, 2013, Amazon learned from the instant lawsuit that Plaintiffs allege that the FAC System[1] animal-shaped pillowcases are inferior-quality knockoffs of Plaintiffs' animal-shaped pillowcases, and that the FAC System pillowcases have been wrongfully marketed using Plaintiffs' intellectual property.  Notably, despite the fact that some exhibits to the complaint make clear that the seller of the pillowcases at issue is FAC System (*see, e.g.*, Dkt. # 1 (Complaint) Ex. B at 1 (Screen capture of allegedly infringing product on amazon.com noting that the product is "[s]old by FAC System LLC and Fulfilled by Amazon")), Plaintiffs nonetheless chose to bring their complaint against Amazon, rather than pursuing actual seller

---

[1] Because complete relief cannot be accorded among the existing parties and because FAC System may have a legally protected interest in the subject of this action, FAC should be joined as a necessary party under Fed. R. Civ. P. 19(a).  *Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (discussing standard for joinder under Rule 19(a)); *see* Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party.").

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 1

1  FAC System. In fact, Plaintiffs have alleged that *Amazon*—not FAC System—has sold
2  Plaintiffs' patented and copyrighted pillowcases (the "Accused Products"). While the allegation
3  that Amazon has sold infringing knockoff pillowcases is demonstrably false, because this is a
4  motion to dismiss, the Court must accept Plaintiffs' well-pleaded allegations as true, and
5  Amazon's proof that it has neither infringed Plaintiff's design patents nor its copyrights must
6  wait for a later procedural moment. Similarly, Plaintiffs have alleged that Amazon knowingly
7  removed copyright management information from Plaintiffs' materials. Amazon did no such
8  thing but, again, the Court must accept Plaintiffs' well-pleaded (but inaccurate) allegations as
9  true when reviewing this motion. Thus, Amazon does not seek dismissal of Counts I (patent
10 infringement), II (copyright infringement), IV (Lanham Act) and VI (violation of the Digital
11 Millennium Copyright Act) at this time.

12         Counts III, V, and VII, however, do not state a claim even if Plaintiffs' well-pleaded
13 allegations are accepted as true and all reasonable inferences are drawn in Plaintiffs' favor.
14 Count III (unfair competition) is preempted by the federal Copyright Act and federal Patent Act
15 because it alleges nothing more than infringement of Plaintiffs' copyrights and patents. Plaintiffs
16 do not show standing to assert Count V (Right of Publicity) and, even if Plaintiffs were to cure
17 the standing defect, the claim would nonetheless be barred by the Copyright Act. Count VII
18 (Trademark Counterfeiting) fails because Plaintiffs have not plausibly alleged reproduction of
19 Plaintiff's registered trademark by Amazon. Accordingly, the Court should dismiss each of
20 these claims. The Court should also dismiss Count I to the extent Plaintiffs allege patent
21 infringement under 35 U.S.C. § 271(b) and (c), because Plaintiffs have not pled a single fact
22 supporting induced, contributory, or willful patent infringement by Amazon and, therefore, are
23 not entitled to the relief requested as to those causes of action. Alternatively, the Court should
24 strike Plaintiffs' request for relief for induced, contributory, or willful patent infringement.
25 Similarly, the Court should dismiss Count II to the extent Plaintiffs assert indirect copyright
26

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 2

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  infringement, or, in the alternative, should strike Plaintiffs' request for injunctive relief against
2  indirect copyright infringement.

## II. ARGUMENT

**A.  Legal Standard.**

This Court is familiar with the principles applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which directs dismissal of any complaint that lacks sufficient facts to support a cognizable legal theory. *Phillips v. Okla. Publ'g Co.*, No. C11-560RSM, 2011 U.S. Dist. LEXIS 119077, at *5 (W.D. Wash. Oct. 14, 2011) (Martinez, J.) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To sufficiently state a claim and survive a motion to dismiss, the complaint 'does not need detailed factual allegations' but the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (brackets in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Indeed, "[m]ere 'labels and conclusions' or the 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* at *6 (quoting *Twombly*, 550 U.S. at 555).

While the Court must accept as true all well-pleaded factual allegations in the complaint, the Court is not required to accept as true "'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Id.* (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Although the Court may generally not consider material outside the pleadings in ruling on a Rule 12(b)(6) motion, "[a]n exception exists for matters of judicial notice and documents attached to or incorporated by reference into the complaint." *Elen IP LLC v. ArvinMeritor, Inc.*, No. C11-140-RSM, 2011 U.S. Dist. LEXIS 92563, at *6 (W.D. Wash. Aug. 18, 2011).

**B.  Plaintiffs' Unfair Competition Claim (Count III) Should Be Dismissed as Preempted by Federal Law.**

The elements of a Washington State Consumer Protect Act ("CPA") claim for unfair competition include, *inter alia*, "(1) an unfair or deceptive act or practice[] (2) in trade or

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 3

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

commerce." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986).

Here, Plaintiffs' unfair competition claim consists of two paragraphs. In the first of these paragraphs, Plaintiffs allege that Amazon violated the CPA "due to its unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade and commerce." Compl. (Dkt. #1) ¶ 33. This allegation is nothing more than a formulaic recitation of elements of a CPA claim—the very type of allegations condemned by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, Plaintiffs cannot rely on the allegations in the first paragraph of Count III to state a plausible claim of unfair competition.

In the second paragraph of Count III, Plaintiffs allege that Amazon violated the CPA by "offering for sale, selling, importing, and distributing actual products that include *infringing materials*. . . . as set forth above." Compl. (Dkt. #1) ¶ 34 (emphasis added). The "actual products that include infringing materials" referred to in Plaintiff's claim appear to be the knockoff pillowcases that Plaintiffs allege infringe their design patents and copyrights. *See id*. ¶ 26 (patent infringement); *id*. ¶ 31 (copyright infringement). The conclusion that Plaintiff is referring to patent and copyright infringement (but not trademark infringement) when using the term "infringing" in Count III is bolstered by Plaintiff's use of the phrase "as set forth above" because Plaintiff's allegations of patent infringement (Count I) and copyright infringement (Count II) appear above Plaintiff's unfair competition claim, while Plaintiff's trademark claim (Count VII) does not. Thus, Plaintiff's unfair competition claim is nothing more than a retitled rehash of its two previous causes of action for patent and copyright infringement. Accordingly, as will be shown below, Plaintiff's unfair competition claim must be dismissed as preempted by the Copyright and/or Patent Acts.

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 4

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

### 1. *Preemption Under the Copyright Act.*

Section 301(a) of the Copyright Act expressly preempts state law rights that are equivalent to the exploitation of a copyright owner's exclusive rights. *Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1144 (9th Cir. 2006) (holding copyright law preempted right-of-publicity claim); *see also* 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 1.01[B] (2009). The express preemption provision "accomplishes the general federal policy of creating a uniform method for protecting and enforcing certain rights in intellectual property" by preempting state law claims within its purview. *Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir. 1995). Preemption under the Copyright Act is "both explicit and broad." *G.S. Rasmussen & Assocs. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992).

A two-part test is utilized to determine whether a state law claim is preempted. First, a work must "come within the subject matter of copyright." 17 U.S.C. § 301(a); *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir. 1987) (overruled on other grounds). Second, the rights granted under state law must be "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [of the Copyright Act]." 17 U.S.C. § 301(a); *Del Madera Props.*, 820 F.2d at 976. Both prongs of the preemption test are met here.

*First*, Plaintiffs' allegations come within the "subject matter of copyright." The crux of Plaintiffs' CPA claim is that Amazon offered, sold, imported, or distributed "products that include infringing materials." *See* Compl. (Dkt. #1) ¶ 34. Amazon's alleged copyright infringement includes "distributing copies of Milo & Gabby's copyrighted works as the Amazon knock-offs and as labels on the Amazon knock-offs." *Id.* ¶ 29. Plaintiffs' CPA claim is thus redundant to their copyright infringement claim; indeed, Plaintiffs specifically incorporate by reference their copyright and patent infringement allegations in the CPA claim by asserting that Amazon is liable under the CPA "as set forth above." *Id.*¶ 34. Because Plaintiffs' CPA claim is

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 5

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

based at least in part on their copyright infringement claim, the first prong of the test for preemption is satisfied.

*Second*, under the "equivalent rights" part of the two-part test, the CPA claim must contain an "extra element" to survive preemption. *Del Madera Props.,* 820 F.2d at 977. In *Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240 (W.D. Wash. 2007), the plaintiff alleged that the defendant copied portions of its website, certain elements of which it alleged were protected by the Copyright Act. The plaintiff argued that the CPA claim was distinct because it also included elements of deception, misrepresentation, and public interest impact. The court found, however, that the mere presence of an additional element was not enough. Instead, the court determined that the "'extra element must transform the nature of the action.'" *Id.* at 1250 (emphasis omitted) (quoting *Laws,* 448 F.3d at 1144). The *Blue Nile* court found that the gravamen of the plaintiff's claim was that the defendants copied portions of the plaintiff's website, which was "'part and parcel of a copyright claim' for preemption purposes." *Id*. (quoting *Laws,* 448 F.3d at 1144). Finding that the additional allegations of deception, misrepresentation, and public impact did not change the underlying nature of the claim, the *Blue Nile* court dismissed the CPA claim as preempted by the Copyright Act.

In addition to *Blue Nile*, this Court has previously held that the Copyright Act "fully preempted" claims under CPA in other circumstances where, as here, there are no "extra elements" of a CPA claim that "make[] the right asserted qualitatively different from the rights protected under the Copyright Act." *Crane Design, Inc. v. Pac. Coast Constr., LLC*, No. C05-251RSM, 2006 WL 692019, at *3, *2 (W.D. Wash. Mar. 17, 2006) (Martinez, J.) (citing *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005)); *see also Chihuly, Inc. v. Kaindl*, No. C05-1801-JPD, 2006 U.S. Dist. LEXIS 2420, at *15 (W.D. Wash. Jan. 11, 2006) (Donohue, J.) (granting motion to dismiss CPA claim where plaintiff alleged that defendants were creating and/or selling unauthorized replications of plaintiff's works, holding that "[b]ecause the Copyright Act provides exclusive rights to reproduce the copyrighted works,

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 6

75113771.3 0053837-00429

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

plaintiffs' CPA claims are effectively asserting state law rights equivalent to those protected by the Copyright Act").

The same reasoning applies to preempt Plaintiffs' CPA claim here. Plaintiffs' CPA claim incorporates its copyright infringement claim by reference, and Plaintiffs offer no "extra element" that would overcome preemption to survive dismissal.

### 2.   *Preemption Under Federal Patent Law.*

To the extent Plaintiffs' reference in Count III to "infringement" refers to patent infringement, Plaintiff's CPA claim is preempted by federal patent law. "Federal Circuit law governs whether federal patent law preempts a state law claim." *Ultra-Precision Mfg., Ltd. v. Ford Motor Co.*, 411 F.3d 1369, 1376 (Fed. Cir. 2005). A state law claim is preempted if it "'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* at 1377 (internal quotation marks omitted) (quoting *Aronson v. Quick Point Pencil Co.*, 440 U.S. 257, 262, 99 S. Ct. 1096, 59 L. Ed. 2d 296 (1979)). The preemption inquiry focuses on the specific conduct underlying the state law claim. *See Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998). To survive preemption, a plaintiff must "plead conduct in violation of [state law] … that is separate and independent from its patent law claim." *Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co.*, No. 3:08–cv–00302, 2009 WL 276369, at *2 (D. Conn. Feb. 5, 2009).

Here, in asserting patent infringement, Plaintiffs contend that Amazon "is making, using, selling, offering for sale, and/or importing the Amazon knock-offs which are virtually indistinguishable (but for quality) from Plaintiff Milo & Gabby's patented designs." Compl. ¶ 26. In asserting their CPA claim, Plaintiffs contend that Amazon's unfair or deceptive practices constitute "offering for sale, selling, importing, and distributing actual products that include infringing materials." *Id.* ¶ 34. The same basic reasoning applied to the preemption analysis under the Copyright Act applies to these allegations. Plaintiffs challenge no conduct in their CPA claim other than Amazon's alleged infringement—and that infringement is, without some

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 7

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

transformative additional element, the purview of federal law exclusively. As such, Plaintiffs' CPA claim is also preempted under federal patent law.

### C. Plaintiffs' Right-of-Publicity Claim (Count V) Should Be Dismissed.

Plaintiffs' right-of-publicity claim (Count V) should be dismissed for two reasons. *First*, Plaintiffs have not pled facts showing standing to assert this claim. *Second*, under the Supremacy Clause of the U.S. Constitution, the Copyright Act expressly preempts Plaintiffs' state law-based right-of-publicity claim because the claim is based solely on the alleged infringement of copyrighted works—Amazon's reproduction and display of the "photographs" or "actual pictures" of Karen Keller's sleeping children. *See* Compl. ¶¶ 37-38.

#### 1. *Plaintiffs Lack Standing to Assert a Right-of-Publicity Claim.*

As a threshold matter, the complaint lacks sufficient allegations to show that Plaintiffs have the legal right to sue for any alleged right-of-publicity violation. The complaint alleges that Amazon has used, without authorization, "the photograph and/or likeness of Plaintiff Keller's children on goods, merchandise, or products" and concludes that Amazon is "exploiting Ms. Keller's own children to sell counterfeit goods." Compl. ¶¶ 20, 37. But Plaintiffs have not pled facts establishing that Karen Keller has standing to assert the rights of her unidentified children under RCW 63.60.040(3). The complaint does not mention the names of the individuals whose rights of publicity have allegedly been violated, does not enable determination of how many such individuals there are, does not speak to whether or not the unnamed individuals still are minors, and is silent as to whether Karen Keller has a legal relationship with the unnamed individuals pursuant to which she is able to assert their rights in court. "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). In light of Plaintiff Keller's failure to allege sufficient facts to establish that she has the right to sue on behalf of her children under RCW 63.60.040(3), the right-of-publicity claim (Count V) should be dismissed. *Warth*, 422 U.S.

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 8

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

at 518 (affirming district court's dismissal of complaint where plaintiffs failed to plead facts sufficient to show standing).

### 2. *The Copyright Act Preempts Plaintiffs' Right-of-Publicity Claim.*

Even if Plaintiffs' standing defect is cured, Plaintiffs' right-of-publicity claim will still be subject to dismissal as preempted by the Copyright Act. As set forth in Section II.B.1, above, there is a two-part test to determine whether a claim is preempted by the Copyright Act. *See Del Madera Props*, 820 F.2d at 976. Here, both prongs of the preemption test are satisfied, mandating dismissal of Plaintiff's right-of-publicity claim.[2]

#### a. *The first prong of the preemption test is satisfied because the basis for the right-of-publicity claim (photographs) "comes within the 'subject matter of copyright.'"*

For a right-of-publicity claim to avoid preemption by the Copyright Act, the allegedly misappropriated rights must be distinct from federal copyrights. *Laws*, 448 F.3d at 1141-44. For example, in *Laws*, the plaintiff objected to defendant's sampling and incorporation of portions of her composition into a different artist's song and filed suit for violation of her right of publicity. *Id*. The Ninth Circuit held that the artist's right-of-publicity claims were preempted by the Copyright Act, because "it is clear that federal copyright law preempts a claim alleging misappropriation of one's voice *when the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium*." *Id.* at 1141 (emphasis added).

For pleading purposes, a bare allegation of a misappropriated name, image, or likeness is not enough to avoid preemption where the alleged wrongdoing implicates only violation of a

---

[2] Under RCW 63.60.050, a right-of-publicity claim accrues under the following circumstances:

> Any person who uses or authorizes the use of a living or deceased individual's or personality's name, voice, signature, photograph, or likeness, on or in goods, merchandise, or products entered into commerce in this state, or for purposes of advertising products, merchandise, goods, or services, or for purposes of fund-raising or solicitation of donations, or if any person disseminates or publishes such advertisements in this state, without written or oral, express or implied consent of the owner of the right, has infringed such right. An infringement may occur under this section without regard to whether the use or activity is for profit or not for profit.

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 9

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

copyright holder's rights to copyrighted subject matter.  In *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 677-79 (7th Cir. 1986), the Seventh Circuit held that baseball players' assertions of their rights of publicity in the broadcast of their "performances" (*i.e.*, baseball games) was preempted by the Copyright Act because they were effectively claims to control the broadcast of copyrighted works.

Here, the basis for Plaintiffs' right-of-publicity claim is the allegation that the "photograph[s] and/or likeness[es]" and "actual pictures" of Plaintiff Keller's children have been used and distributed without authorization "on goods, merchandise, and/or products."  Compl. ¶¶ 37-38.  In support of this allegation, Plaintiffs plead that "[m]ost of the photographs shown in Exhibit D depict the actual children of Plaintiff Karen Keller being used on the labels of Amazon knock-offs."  *Id*. ¶ 20.  The photographs shown in Exhibit D depict six sleeping children: a girl sleeping on a bunny pillowcase; a boy sleeping on a fish pillowcase; a girl sleeping on a pony pillowcase; a girl sleeping on a cat pillowcase; a boy sleeping on a dog pillowcase; and a boy sleeping on a dinosaur pillowcase.  *Id*. ¶ 19; *id*. Ex. D.  This list of six different combinations of sleeping children and animal pillowcases is an exact match for six U.S. copyrights of which Plaintiffs claim ownership in paragraph 25 of the complaint.  Furthermore, Plaintiffs allege in their Copyright Infringement Count (Count II) that Plaintiffs are the owners of copyrights in "several photographs taken of children sleeping on exemplars of Milo & Gabby's" animal pillowcases.  *Id*. ¶ 28.  Thus, the complaint makes clear that the photographs that are the subject of Plaintiffs' copyright infringement claim (Count II) are the same as those at issue under its right-of-publicity claim (Count V).  Accordingly, the first prong of the test for express preemption is satisfied.

        **b.**    ***The second prong of the preemption test is satisfied because the asserted publicity rights are equivalent to exclusive rights under the Copyright Act.***

The Copyright Act grants copyright owners, *inter alia*, the exclusive rights to reproduce their copyrighted work.  17 U.S.C. § 106.  Plaintiffs' right-of-publicity claim alleges that Amazon

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 10

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

has wrongfully reproduced Plaintiffs' photographs on its own knockoff products without authorization. Comp. ¶ 37. But Plaintiffs allege violation of the same rights by the same corresponding infringing act of reproducing copyrighted photographs in their copyright claim. *See id*. ¶¶ 28-32. A right-of-publicity claim must be more than just a copyright infringement claim pled using different words under a different name and statute. Something more than exploitation of a copyrighted work is required to survive preemption. Plaintiffs appear to attempt to address this factual and pleading deficiency by including the phrase "and/or likeness" in paragraph 37 of the complaint. But the mere recitation of the language of Washington's right-of-publicity statute, without accompanying factual support, "will not do" because Plaintiffs' claim that Amazon has misappropriated the unnamed children's likenesses is just a "naked assertion[] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Plaintiffs' Count II (Copyright Infringement) and Count V (Right of Publicity) are duplicative and co-extensive. The subject matter of the latter is identical — not just equivalent — to subject matter of the former. Both turn on alleged copying of the exact same set of photos. Thus, the state law rights Plaintiffs would assert under its right-of-publicity theory are equivalent to those it would assert under its copyright infringement theory. Accordingly, Plaintiffs' right-of-publicity claim is preempted by federal copyright law and must be dismissed as a matter of law.

**D.  Plaintiffs' Trademark Counterfeiting Claim (Count VII) Should Be Dismissed.**

To state a claim for trademark counterfeiting, a plaintiff must show: (1) the defendant infringed a registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a); and (2) the defendant intentionally used the trademark knowing it was counterfeit or was willfully blind to such use. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008). "The only distinction between the standard for federal trademark counterfeiting and the standard for establishing infringement is that to obtain treble or statutory damages for a counterfeiting claim,

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 11

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone (206) 624-0900*

a plaintiff must show that the defendant intentionally used the plaintiff's trademark, knowing that it was a counterfeit." *Id.* at 536-37. As explained by a leading trademark treatise, "[c]ounterfeiting is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark."  4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 25:10, at 25-25 (2013).  Here, Plaintiffs fail to establish either infringement or intent.

### 1. *Plaintiffs Have Not Plausibly Alleged That Amazon Reproduced Milo & Gabby's Registered Trademark.*

The Lanham Act defines a "counterfeit mark" as "a counterfeit of a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services … and that is in use…." 15 U.S.C. § 1116(d)(1)(B)(i).

Trademark counterfeiting applies only to registered trademarks, not unregistered common-law marks. *See id.*  The only registered trademark mentioned in the Complaint is Plaintiffs' MILO & GABBY BEDDING AND ACCESSORIES (and design) mark. *See* Compl. ¶ 8 ("The Milo & Gabby mark is protected by Federally registered U.S. Trademark Registration Number 3291697…."). Plaintiffs' trademark counterfeiting claim is based on the allegation that Amazon made unauthorized use of this "actual registered trademark." *Id*. ¶ 41. The only factual support for this allegation is contained in the complaint at paragraph 16, in which Plaintiffs allege that Amazon is "using Milo & Gabby's registered trademark on the amazon.com website. See attached Exhibit C, showing Amazon's allegedly unauthorized use of the Milo & Gabby mark." But Plaintiffs' actual trademark registration (registered to Milo & Gabby LLC) is limited to the specific <u>word and design mark</u> for MILO & GABBY BEDDING AND ACCESSORIES shown below:

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 12

75113771.3 0053837-00429

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

**Milo & Gabby**
*Bedding and Accessories*

And this registered mark is not to be found in Exhibit C (or in any other exhibit allegedly supporting Amazon's misuse of Milo & Gabby materials). Plaintiffs cannot sustain a claim for trademark counterfeiting based upon counterfeiting of a trademark as shown in Exhibit C when Exhibit C does not show any reproduction of Plaintiff's registered mark. To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint's allegations concerning unauthorized use of Plaintiffs' trademark fail to meet this standard. *Twombly*, 550 U.S. at 555.

Indeed, the photographs attached as Exhibit D to the Complaint make clear that the tags on the Accused Products bear the mark "DOOMAGIC," not Plaintiffs' registered MILO & GABBY BEDDING AND ACCESSORIES (and design) mark. Similarly, Exhibit B—showing Amazon's alleged display of Milo & Gabby materials on its website—does not depict anything resembling Milo & Gabby's registered mark. And, again, Plaintiffs' mark is not to be found in Exhibit C. As such, there is no plausible factual support for Plaintiffs' bare recitation of the infringement element of trademark counterfeiting, and the claim should be dismissed.

  **2.**   ***Plaintiffs Plead No Facts Showing the Requisite Intent to Commit Counterfeiting.***

Even if Plaintiffs had pled facts supporting the first element of a trademark counterfeiting claim (which they did not), Plaintiffs' complaint would still fail to state a trademark counterfeiting claim because it lacks any facts supporting that Amazon either intentionally used the registered mark knowing it was counterfeit, or was willfully blind to such use. Beyond conclusory statements that Amazon "intended" to use Plaintiffs' registered mark and that the use

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 13

1  was "likely to cause confusion, or to cause mistake, or to deceive" (Compl. ¶ 42), Plaintiffs offer
2  no factual allegations to support the intent and knowledge element of trademark counterfeiting,
3  and Count VII should be dismissed.

4  **E.      Plaintiffs Have Pled No Facts Supporting Indirect or Willful Patent Infringement.**

5  In Count I, Plaintiffs allege that Amazon has committed patent infringement by "making,
6  using, selling, offering for sale, and/or importing the Amazon knock-offs which are virtually
7  indistinguishable" from Plaintiffs' patented designs. Compl. ¶¶ 26-27. Plaintiffs do not plead
8  that Amazon is contributing to another party's patent infringement, or inducing others to infringe
9  Plaintiffs' design patents. Nonetheless, Plaintiffs' Prayer for Relief seeks an injunction
10 prohibiting Amazon's "infringement, inducement and contributory infringement." Compl. ¶ L.
11 Plaintiffs also request enhanced patent damages under 35 U.S.C. § 284. *Id*. ¶ C. Although
12 Plaintiffs' allegations are arguably sufficient to support a claim for *direct* patent infringement, to
13 the extent Plaintiffs purport to bring claims for indirect or willful patent infringement, Plaintiffs
14 have failed to state a claim.

15 To plead a claim for willful patent infringement, Plaintiffs must plead facts in support of
16 the conclusion that Amazon had knowledge of the patents-in-suit. *Gustafson, Inc. v.*
17 *Intersystems Indus. Prods., Inc.*, 897 F.3d 508, 511 (Fed. Cir. 1990) ("[A] party cannot be found
18 to have 'willfully' infringed a patent of which the party had no knowledge."); *Pacing Techs.,*
19 *LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067, 2013 U.S. Dist. LEXIS 15728, at *10 (S.D. Cal. Feb.
20 5, 2013) (to survive a motion to dismiss willful patent infringement claim, a complaint must
21 plead more than bare allegation of actual knowledge). Similarly, to plead a claim for indirect
22 patent infringement, Plaintiffs must plead facts supporting that the defendant had knowledge of
23 the patents at issue, as well as "knowledge that the induced acts constitute patent infringement."
24 *Global-Tech Appliances, Inc. v. SEB S.A.*, __ U.S. __, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167
25 (2011). As such, for either a claim of willful or indirect infringement, Plaintiffs must allege that
26 Amazon had knowledge of the patents-at-issue. Here, the Complaint does not contain even bare

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 14

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

allegations, let alone "sufficient factual matter, [if] accepted as true" (*Iqbal*, 556 U.S. at 663), to support the conclusion that Amazon had knowledge of the patents at issue. Accordingly, to the extent Plaintiffs purport to assert claims for willful or indirect infringement, those claims fail as a matter of law, and must be dismissed. *See Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 3:13-cv-1278, 2013 U.S. Dist. LEXIS 151761 (S.D. Cal. Oct. 22, 2013) (granting defendant's motion to dismiss plaintiff's claims for contributory, induced, and willful infringement when plaintiff failed to allege knowledge).

In the alternative, Amazon respectfully requests that the Court strike the portions of Plaintiffs' Prayer for Relief to the extent they are based on any claim for willful or indirect patent infringement — namely, the Court should strike Prayer paragraphs (C) (seeking enhanced damages), (D) (seeking a finding that case is "exceptional" under 35 U.S.C. § 285), and (L) (seeking injunctive relief related to induced or contributory patent infringement).

**F.     Plaintiffs Have Pled No Facts Supporting Indirect Copyright Infringement.**

In Count II, Plaintiffs allege that Amazon is infringing Plaintiffs' copyrights by distributing and displaying Plaintiffs' copyrighted works. *Id*. ¶¶ 29-32. Amazon concedes that this is enough to state a claim for direct copyright infringement, but what it does not support is claims for induced or contributory copyright infringement. Again, however, Plaintiffs' prayer for relief requests an injunction prohibiting Amazon's "infringement, inducement and contributory infringement." Compl. ¶ L. To state a claim for indirect copyright infringement, Plaintiffs must plead facts showing that the defendant has caused a third party's infringement, or has distributed a work with the intent to foster infringement by third parties. *See Flava Works, Inc. v. Clavio*, No. 11 C 05100, 2012 WL 2459146, at *2 (N.D. Ill. June 27, 2012) (discussing requirements to state a claim under various theories of indirect copyright infringement). But Plaintiffs have not pled any facts supporting that Amazon caused or induced another party's infringement of Plaintiffs' copyrights. Accordingly, Plaintiffs' Prayer should be stricken to the extent it seeks relief for indirect copyright infringement. Alternatively, Count II should be

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 15

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1  dismissed under Rule 12(b)(6) to the extent it purports to state a claim for indirect copyright
2  infringement.

### III. CONCLUSION

For the above reasons, Amazon respectfully requests that Counts III, V, and VII be dismissed; that Count I be dismissed, or related requests for relief stricken, to the extent Plaintiffs allege willful or indirect patent infringement; and that Count II be dismissed, or the related request for relief stricken, to the extent Plaintiffs allege indirect copyright infringement.

DATED:  November 27, 2013.

STOEL RIVES LLP

s/ Vanessa S. Power
s/ Brian C. Park
s/ Nathan C. Brunette
Vanessa Soriano Power, WSBA No. 30777
vspower@stoel.com
Brian C. Park, WSBA No. 25584
bcpark@stoel.com
Nathan C. Brunette, (*Pro Hac Vice*)
ncbrunette@stoel.com

STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA  98101
Telephone:  (206) 624-0900
Facsimile:  (206) 386-7500

Attorneys for Defendant
AMAZON.COM, INC.

DEFENDANT AMAZON.COM, INC.'S PARTIAL MOTION TO DISMISS
(Case No. 13-cv-1932) - 16

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

2  I hereby certify that on November 27, 2013, at Seattle, Washington, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Philip P Mann**
  phil@mannlawgroup.com,eryn@mannlawgroup.com

s/ Shelley Sasse
Shelley Sasse, Legal Secretary
Stoel Rives LLP
smsasse@stoel.com

CERTIFICATE OF SERVICE
(Case No. 13-cv-1932) - 1

75113771.3 0053837-00429

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*