Honorable Ricardo S. Martinez

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MILO & GABBY, LLC and KAREN KELLER, an individual,<br><br>     Plaintiffs,<br><br>     v.<br><br>AMAZON.COM, INC.,<br><br>     Defendant. | Cause No. 13-cv-5941<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

Plaintiffs Milo & Gabby, LLC and Karen Keller (collectively "Milo & Gabby"), by and through undersigned counsel, hereby opposes Defendant Amazon.com, Inc.'s ("Amazon's") Motion to Dismiss.

## **INTRODUCTION**

This is an action based on various forms of intellectual property infringement by Defendant Amazon. In short, Milo & Gabby is the developer and owner of intellectual property in several animal-shaped pillow cases and marketing materials for their advertisement. After Milo & Gabby achieved substantial commercial success selling their own products, Amazon entered the market with direct knock-offs of the Milo & Gabby products. Amazon has gone as far as to copy Milo & Gabby's own marketing materials and used them on

Amazon's own web site.  Amazon's knock-off products even include labels that bear the images of Plaintiff Karen Keller's own children.

### DISCUSSION

**I.     Legal Standards**

"Pleadings must be construed so as to do justice."  Fed. R. Civ. P. 8(d). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to Milo & Gabby, this Court finds that Milo & Gabby has failed to set forth fair notice of what its claims are and the grounds upon which they rest. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). A complaint will survive a motion under Fed. R. Civ. P. 12(b)(6) if it states plausible grounds for entitlement to the relief sought, *id*. at 1965-66, i.e., it need merely contain sufficient factual allegations to raise a right to relief above the speculative level. *Id*. at 1965; see also *Phillips v. Okla. Publ'g Co*., No. C11-560RSM, 2011 U.S. Dist. LEXIS 119077, at *5 (W.D. Wash. Oct. 14, 2011) (Martinez, J.) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). The issue before the Court upon consideration of such a motion is not whether Milo & Gabby "will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *McDowell v. N. Shore-Long Island Jewish Health Sys., Inc*., 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012).

**II.    Amazon's Actual Business Practices**

Amazon argues that it does not sell the Amazon knock-offs, but reality compels quite a different conclusion. In short, Amazon suggests that because it did not itself manufacture the products in question, then it did nothing wrong.

Amazon's argument is tantamount to Wal-Mart arguing that it does not sell anything on its own shelves merely because it does not *manufacture* those products.

If there is a distinction between what Amazon does and what any other brick-and-mortar retailer does, then Amazon has kept that distinction well hidden. For too long Amazon has hidden behind the fallacy that selling products on the Internet is somehow different than selling products through an ordinary retail storefront. Amazon attempts to pretend that some other company, and not Amazon, is the real "seller" of the knock-off products. But as set forth in the facts alleged in the Complaint, such is not the case:

- ✔ The products are advertised on the amazon.com domain (¶ 14)
- ✔ Payment is made directly to Amazon
- ✔ Amazon issues the invoice and tracking information
- ✔ Amazon ships the products in a box that bears the "Amazon" logo (¶ 21)
- ✔ Amazon broadcasts email advertisements from its own account (not the manufacturer's) offering the knock-off products (¶ 15)

This mysterious distinction between the "seller" of the product and whatever Amazon chooses to call itself exists no where except in Amazon's brief. The truth is Amazon sells the knock-off products. They may not manufacture the products, but they undeniably sell them. Any suggestion otherwise is nothing but smoke and mirrors.

### III. Unfair Competition Claim

The Complaint recites ample factual support for a Washington unfair competition claim. The quintessential act of unfair competition under Washington State law has long been the tort of passing off one's goods as those

Response on Motion to Dismiss - 3

of another.  See *Seattle Taxicab Co. v. De Jarlais*, 236 P. 785 (Wash. 1925). In *Seattle Taxicab*, the Washington Supreme Court stated:

> The basic principle of the doctrine of unfair competition, though variously expressed, is exceedingly simple. It is just this--no dealer or manufacturer has the right by any name, mark, sign, label, dress, or other artifice to represent to the public that the goods sold by him are those manufactured or produced by another, thus passing off his goods for those of such other to the latter's injury.
>
> *Id*. at 786; c.f. *Merager v. Turnbull et al.*, 2 Wn.2d 711, 725 (Wash. 1940); *Ivan's Tire Service Store, Inc. v. Goodyear Tire & Rubber Co.*, 10 Wn.App. 110, 122 (Wash. App. Div. 3 1973) (acknowledging that legislation codified "common-law concept of unfair competition, or 'passing off,' as it was called in England").

As alleged in the Complaint, Amazon advertised Milo & Gabby's own products on the amazon.com web site. Complaint at ¶ 13. In fact, Amazon uses Milo & Gabby's own advertising materials which obviously promote Milo & Gabby's products. Complaint at ¶ 16. However, the products that Amazon actually sold were not the products it advertised, i.e., Milo & Gabby's products; rather, Amazon shipped the Amazon knock-offs. Complaint at ¶ 18.

The Complaint recites all the classic "palming off" facts: Representing to the public that the goods offered and sold by Amazon are in fact the Milo & Gabby products when they are not. Palming off is the most classic form of unfair competition. Accordingly, Amazon's motion to dismiss Milo & Gabby's unfair competition claim should be denied.

### IV. Right-of-Publicity Claim

Amazon argues that neither Milo & Gabby nor Karen Keller have standing to bring suit for the right-of-publicity claim held by Ms. Keller's

children. That is untrue. As alleged in the Complaint, the images of the children that Amazon misused in its advertising reflect the (obviously minor) children of Ms. Keller. Complaint at ¶¶ 19, 20. Ms. Keller would be happy to amend the Complaint to recite that she brings the claims for right-of-publicity "on behalf of her minor children." However, such action must surely be preferable to dismissing this claim for lack of standing only to have Ms. Keller re-file the exact same claim for the exact same conduct in a different suit.

Nor is the right-of-publicity claim preempted by any other federal act, such as the copyright act. The Ninth Circuit has held that a state right-of-publicity claim can be preempted by copyright law, but only where "the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scope of the copyright." *Jules Jordan Video, Inc. v. 144942 Canada Inc*., 617 F.3d 1146, 1154-55 (9th Cir. 2010). However, here the rights being asserted by the children of Ms. Keller are not equivalent to any copyright rights being asserted. Indeed, the right-of-publicity claim held by the children of Ms. Keller is not based at all on a copyright claim. There are no facts to support any allegation that Ms. Keller's children own any of the copyrights at issue in this matter. Rather, the facts alleged in the Complaint prove exactly the opposite: That all the intellectual property rights (except the right-of-publicity claims) are owned by Milo & Gabby and/or Ms. Keller.  Complaint at ¶ 25. The right-of-publicity claims are held by Ms. Keller's children, who do not have any ownership interest in the other intellectual property rights. Thus, the children's right-of-publicity claim cannot be equivalent to a claim which they do not have. Accordingly, Amazon's motion to dismiss the right-of-publicity claim of Ms. Keller's children should be denied.

## V.     Trademark Counterfeiting Claim

Amazon concedes that Milo & Gabby has a registered trademark. Dkt 8, pg 14. Amazon also tacitly concedes that it used the Milo & Gabby mark to advertise the Amazon knock-offs. *Id*. However, Amazon argues that it did not use an *exact duplicate* of the registered Milo & Gabby trademark in connection with the sale of the Amazon knock-offs by introducing new evidence (not found in the pleadings) to show that an exact copy of Milo & Gabby's registered trademark does not appear on the exhibits which Milo & Gabby attached to the Complaint.  In other words, Amazon asks this Court to consider new evidence outside the pleadings that supports Amazon's position while denying Milo & Gabby the same right: to present evidence outside the pleadings. Thus, Amazon's motion is not properly a motion presented under Fed. R. Civ. P. 12(b)(6) and must be treated as one for summary judgment. Fed. R. Civ. P. 12(d).  As such, Milo & Gabby should be allowed a full and fair opportunity to discover and present all the material that is pertinent to Amazon's motion, and this Court should defer ruling on Amazon's motion until adequate discovery has been had. Fed. R. Civ. P. 56(d).

Finally, Amazon argues that "intent" must be pled with specificity. Dkt 8, pg 15.  However, Amazon has confused "fraud or mistake," which must be pled with specificity, with "intent, knowledge, and other conditions of a person's mind," which may be alleged generally. See Fed. R. Civ. P. 9(b).  Milo & Gabby have alleged that Amazon violated Milo & Gabby's intellectual property rights with full knowledge of those rights (Complaint at ¶¶ 16, 17).  Accordingly, Milo & Gabby's claims have been adequately alleged and Amazon's motion should be denied.

### VI. Indirect Infringement Claims

Amazon argues that Milo & Gabby's infringement claims based on Amazon's indirect infringement of Milo & Gabby's intellectual property rights. However, Amazon's motion should be dismissed because Milo & Gabby have properly pled those allegations as alternative theories of recovery should Amazon attempt to use the "Amazon did not do anything wrong, it was someone else" defense which it has already revealed it will. Milo & Gabby's position is perfectly proper under the pleading rules. See Fed. R. Civ. P. 8(d)("Pleading to Be Concise and Direct; Alternative Statements; Inconsistency").

In other words, it is undeniable that the marketing materials used and products sold by Amazon constitute direct, knowing duplicates of Milo & Gabby's products and marketing materials. See Complaint at ¶¶ 13, 16, 17, 18, and 21. Accordingly, if Amazon accepts responsibility for its own actions, then each of the claims recited in the Complaint collapses into a direct infringement claim. However, should Amazon argue (as it has suggested it will) that it was merely an agent of another entity which is primarily responsible, then Milo & Gabby have adequately alleged sufficient facts to support indirect infringement, namely that Amazon's use of the Milo & Gabby marketing materials on Amazon's own web site constitutes knowledge of the infringement (Complaint at ¶ 16, 17) that Amazon benefits financially from such infringement (Complaint at ¶ 21). Accordingly, Amazon's motion to dismiss Milo & Gabby's alternative theories of indirect infringement should be denied.

### CONCLUSION

Amazon's motion to dismiss various of Milo & Gabby's claims should be denied for the reasons set forth above. Amazon misleads this Court by alleging

that it is not the "seller" of the knock-off products even though the facts reveal otherwise. Milo & Gabby have properly alleged sufficient facts to support the claims of unfair competition and right-of-publicity. Amazon's request to dismiss Milo & Gabby's trademark counterfeiting claim should be either denied as premature or held in abeyance pending discovery. And finally, Milo & Gabby have properly alleged facts to support alternative theories of indirect infringement by Amazon for each of the intellectual property claims. Thus, Amazon's motion should be denied in its entirety.

Dated: December 16, 2013.                    Respectfully submitted,

                                             /Philip P. Mann
                                             Philip P. Mann, WSBA No: 28860
                                             **MANN LAW GROUP**
                                             John Whitaker, WSBA No. 28868
                                             WHITAKER LAW GROUP
                                             1218 Third Avenue, Suite 1809
                                             Seattle, Washington 98101
                                             Phone: (206) 436-0900
                                             Fax: (866) 341-5140
                                             *phil@mannlawgroup.com*
                                             *john@wlawgrp.com*

                                             Attorneys for Plaintiffs

# **CERTIFICATE OF SERVICE**

I hereby certify that on the date indicated below the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record registered with the CM/ECF system.

Date: December 16, 2013                           /s/ *Anne K. Smart*