UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILO & GABBY, LLC and KAREN KELLER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. C13-1932 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IN PART |

**I. INTRODUCTION**

This matter is before the Court upon Defendant's Motion to Dismiss, In Part pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. # 8. Defendant Amzon.com, Inc. ("Amazon") asks the Court to dismiss Plaintiffs' claims for unfair competition, right of publicity, trademark counterfeiting, and indirect patent and copyright infringement. Having considered the parties' memoranda and the relevant law, the Court grants Amazon's motion to dismiss Claims III, V, and VII of the Complaint with leave to amend. Plaintiffs' request for relief seeking redress for inducement, willful, or contributory infringement is stricken, and Plaintiffs are ordered to show cause why FAC System, LLC should not be joined as a necessary party.

## II. BACKGROUND

Plaintiffs make the following factual allegations. Plaintiff Milo & Gabby, LLC is a Washington State limited liability company that designs and sells animal-shaped pillow cases, among other accessories and bedding products. Plaintiff Karen Keller and her husband are the founders and product designers of Milo & Gabby, LLC ("Milo & Gabby"). Dkt. #1, ¶ 7. The couple's four children and two family pets inspired the Kellers to create the Cozy Companion Pillowcases product line for Milo & Gabby. The line consists of eight animal shaped pillowcases that function as a combination of a pillow and a stuffed animal.

Plaintiffs are the authors and owners of various U.S. Copyrights and U.S. Design Patents. On September 11, 2007, the Milo & Gabby design mark was registered with the U.S. Patent and Trademark Office and was assigned U.S. Trademark Registration Number 3291697. *Id.* at ¶ 8. In addition, Milo & Gabby's website and marketing images are protected by valid U.S. copyrights. *Id.* at ¶ 10.

Over the past five years, Milo & Gabby has designed, sold, and distributed their products to retailers and e-tailers throughout the United States and internationally. *Id.* at ¶ 11. During this time, Milo & Gabby's animal-themed children's accessories have seen commercial success. *Id.* In 2012, Milo & Gabby entered into an exclusive license arrangement in Asia, and since then the company has made promising gains. *Id.* Milo & Gabby aims to further expand its operations by entering into license agreements throughout North America. *Id.* at ¶ 12. However, Milo & Gabby claims these efforts were halted when Amazon.com allegedly began selling direct knock-off copies of Milo & Gabby's Cozy Companion Products. *Id.* at ¶ 13.

Defendant Amazon is a company that operates a widely used internet service retail website at http://www.amazon.com. Amazon enables third-party vendors to sell and distribute a variety of products to the public while Amazon "fulfills" the orders through amazon.com.[1] On October 24, 2013, Plaintiffs Milo & Gabby, LLC and Karen Keller (collectively, "Plaintiffs") filed the instant lawsuit alleging that Amazon was using Plaintiffs' intellectual property to wrongfully market, sell, and distribute inferior-quality knockoffs of Plaintiffs' animal-shaped pillowcases on the amazon.com website.[2]

Amazon filed the instant Motion to Dismiss and moves to dismiss Counts III, V, and VII of Plaintiffs' Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Amazon also moves to dismiss Count I pursuant to Rule 12(b)(6) to the extent that Count I purports to state a claim of patent infringement pursuant to either 35 U.S.C. § 271(b) or (c), or, in the alternative, to strike Plaintiffs' requests for related injunctive and exceptional relief. Similarly, Amazon requests dismissal of Count II to the extent it purports to state a claim of indirect copyright infringement or, alternatively, to strike Plaintiffs' request for related injunctive relief.

### III. DISCUSSION

**A. Standard of Review**

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face."

---

[1] FAC System, LLC ("FAC System") is one such third-party seller. Until recently, FAC System used Amazon's retail website amazon.com to offer animal-shaped pillowcases for sale. *See* Dkt. #1 at Ex. C.

[2] Amazon urges this court to order that FAC System be joined as a necessary party under Fed. R. Civ. P. 19(a). Amazon contests Plaintiffs' pursuit of a complaint against Amazon "despite exhibits to the complaint making clear that the seller of the pillowcases at issue is FAC System." Dkt. #8, p.3 (*citing* Dkt. # 1, Ex. B at 1 (Screen capture of allegedly infringing product on amazon.com noting that the product is "[s]old by FAC System LLC and Fulfilled by Amazon")). Amazon further argues that FAC should be joined as a necessary party because (1) complete relief cannot be accorded among the existing parties and (2) FAC System may have a legally protected interest in the subject of this action. Dkt. #8, n.1 (*citing Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992) (discussing standard for joinder under Rule 19(a)); Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party.")). Plaintiffs failed to address this issue.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. 556). In making this assessment, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Under Fed. R. Civ. P. 12(b)(6), dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Butler v. Target Corp.*, 323 F. Supp. 2d 1052, 1055 (C.D. Cal. 2004) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)). The court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *Id.* (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996)). Further, where a complaint's state law claims are preempted by federal law, the claims are subject to dismissal under Rule 12(b)(6). *Id.* (citing *Falkowski v. Imation Corp.*, 309 F.3d 1123 (9th Cir. 2002).

**B. Count III – Unfair Competition**

Plaintiffs' complaint alleges Amazon violated Washington's Consumer Protection Act ("CPA"). Specifically, Plaintiffs' claim for unfair competition states:

> Defendant Amazon violated RCW Chapter 19.86 due to its unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade or commerce. By offering for sale, selling, importing, and distributing actual products that include infringing materials, Amazon is directly liable for its own actions, as set forth above. Amazon has sold, imported, and delivered the Amazon knock-offs to consumers in this district.

Dkt. # 1, ¶ 33–34.

Amazon challenges Plaintiffs' unfair competition claim as insufficient under federal pleading requirements. Amazon first argues that paragraph 33 of the unfair competition claim amounts to nothing more than a formulaic and impermissible recitation of the elements of a CPA claim. Dkt. #8 at p. 6. Second, Amazon contends that Plaintiffs' use of the term "infringing" refers to—and incorporates by reference—Plaintiffs' two preceding causes of action for patent and copyright infringement. *Id*. Amazon also argues that the phrase "as set forth above" incorporates the first two claims by reference. Because the claim fails to articulate a basis for relief that is distinct from Plaintiffs' causes of action for patent and copyright infringement, Amazon contends that Plaintiffs' unfair competition claim is preempted by federal patent and copyright law. *Id*.

Washington's CPA makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . .." RCW 19.86.020 (2009). To sustain an unfair competition action under the CPA, a plaintiff must demonstrate (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) that impacts the public interest (4) causing an injury to the plaintiff's business or property with (5) a causal link between the unfair or deceptive act and the injury suffered. *Nat'l Products, Inc. v. Gamber-Johnson LLC*, 699 F. Supp. 2d 1232, 1242 (W.D. Wash. 2010) (citing *Dewitt Const. Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1132 (9th Cir. 2002)).

A CPA claim may be preempted by federal copyright law when the state claim incorporates by reference and merely restates federal patent and copyright claims. *See Litchfield v. Spielberg,* 736 F.2d 1352, 1358 (9th Cir. 1984) (holding that because the unfair competition and misrepresentation claims are "restatements of the copyright infringement claims, they are preempted by federal copyright law"); *see also Blue Nile, Inc. v. Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1247 (W.D. Wash. 2007) ("Plaintiff cannot both expressly rely on the copyright allegations in all of its state law claims *and* assert that the state law claims are outside copyright's subject matter for purposes of avoiding preemption.") (emphasis in original). The same reasoning also applies to preemption under patent law. *G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Service, Inc.*, 958 F.2d 896, 904 (9th Cir. 1992) (patent law "establishes a zone of preemption broader than that of copyright law: Even if Congress has left an area unprotected, the fact that patent law *could* reach it preempts state-law protection.") (citing *Sears, Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 230–32 (1964)); *Compco Corp. v. Day–Brite Lighting, Inc.,* 376 U.S. 234, 237–38 (1964).

The Ninth Circuit has adopted a two-part test to determine whether a state law claim is preempted by the Copyright Act. The test requires the court to first determine whether the "subject matter" of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102[3] and 103.[4] Second, if the subject matter prong has been met, the court must

---

[3] § 102. Subject matter of copyright: In general
(a) Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories:
 (1) literary works;
 (2) musical works, including any accompanying words;
 (3) dramatic works, including any accompanying music;
 (4) pantomimes and choreographic works;
 (5) pictorial, graphic, and sculptural works;

determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106.[5] *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137–38 (9th Cir. 2006); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).

Here, Plaintiffs seek to protect their photographs for use in marketing. It is undisputed that these photographs are "pictorial works" that can be copyrighted. 17 U.S.C. § 102(a)(5). Thus, the work that Plaintiffs seek to protect falls within the "subject matter" of the Copyright Act, and satisfies the first prong of the preemption test. Whether the CPA claim states equivalent rights as the copyright claim, however, is less clear. As drafted, the CPA claim lacks sufficient factual allegations to state a CPA claim. Because the claim language "as set forth above" is vague, it is unclear whether that language fully incorporates the copyright and patent infringement claims by reference or whether the CPA claim attempts to incorporate factual matter from the factual summary of the Complaint that might otherwise support a viable CPA

---

      (6) motion pictures and other audiovisual works;
      (7) sound recordings; and
      (8) architectural works.
[4] § 103. Subject matter of copyright: Compilations and derivative works
      (a) The subject matter of copyright as specified by section 102 includes compilations and derivative works, but protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully.
      (b) The copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material.
[5] § 106. Exclusive rights in copyrighted works
Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
      (1) to reproduce the copyrighted work in copies or phonorecords;
      (2) to prepare derivative works based upon the copyrighted work;
      (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
      (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
      (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
      (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

claim.[6] At best, the Complaint as a whole is ambiguous and as drafted, Plaintiffs' CPA claim asserts no new or different allegations to distinguish it from Plaintiffs' patent or copyright infringement claims. Therefore, the CPA claim asserts rights indistinguishable from those rights expressly granted, and thus preempted, by the Copyright Act. Accordingly, Count III is dismissed without prejudice.

### C. Count V - Right of Publicity

Under RCW 63.60.050, a right of publicity claim accrues when:

> Any person who uses or authorizes the use of a living or deceased individual's or personality's name, voice, signature, photograph, or likeness, on or in goods, merchandise, or products entered into commerce in this state, or for purposes of advertising products, merchandise, goods, or services, or for purposes of fund-raising or solicitation of donations, or if any person disseminates or publishes such advertisements in this state, without written or oral, express or implied consent of the owner of the right, has infringed such right. An infringement may occur under this section without regard to whether the use or activity is for profit or not for profit.

RCW 63.60.050 (2013).

Amazon asks the Court to dismiss Plaintiffs' right of publicity claim for two reasons. First, Amazon argues that Plaintiffs have not pled facts establishing standing to assert the claim. Second, Amazon contends that under the Supremacy Clause of the U.S. Constitution, the Copyright Act expressly preempts Plaintiffs' state law claim because it is based solely on the alleged infringement of copyrighted works—namely, Amazon's reproduction and display of photographs depicting Karen Keller's young children. Dkt. # 8, p. 10.

---

[6] The Court makes no determination at this time as to whether Plaintiffs' factual allegations would be sufficient to survive the preemption analysis. As Amazon notes, to survive preemption, Plaintiffs' CPA claim must contain an "extra element[]" that "makes the rights asserted qualitatively different from the rights protected under the Copyright Act." *Blue Nile*, 478 F. Supp. 2d at 1249 (quotations and citations omitted). Plaintiffs have failed to squarely address this argument in the briefing.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM IN PART - 8

1. Standing

The Complaint lacks a basis for inferring that Ms. Keller has standing to bring a right to publicity claim on behalf of her children. Plaintiffs contend that the Complaint's allegations of misappropriated images depicting Ms. Keller's "obviously minor" children should be sufficient for purposes of inferring standing. Dkt. # 11, p. 5. The Court disagrees.

The rights granted under RCW 63.60.040(3) "may be exercised by a personal representative, attorney-in-fact, parent of a minor child, or guardian, or as authorized by a court of competent jurisdiction." Here, the Complaint offers no factual basis demonstrating Ms. Keller's legal authority to serve as a personal representative for the children at issue. Furthermore, Plaintiffs fail to assert basic essential facts, such as the number of children at issue, their current ages, and when the photos at issue were taken. Accordingly, Plaintiffs' right of publicity claim, as drafted, is insufficient on its face.

2. Preemption

Amazon contends that even if Plaintiffs' standing defect were cured, Plaintiffs' right of publicity claim is preempted by the Copyright Act. The Complaint alleges that Amazon used "the photograph and/or likeness of Plaintiff Keller's children on goods, merchandise, or products" without authorization. Dkt. # 1, ¶ 20. Here, the essence of Plaintiffs' right of publicity claim is that Amazon reproduced and distributed photographs of the Keller children without authorization to do so.

Plaintiffs' right of publicity claim replicates Plaintiffs' copyright infringement claim. Six different photographic images of children with Milo & Gabby pillows are the basis of the right of publicity claim here. The same photos make up the marketing materials that form the basis of Plaintiffs' copyright infringement claim. These photographs of Ms. Keller's children are contained within the subject matter of copyright as "pictoral works." 17 U.S.C. § 102(5).

Amazon characterizes Plaintiffs' copyright infringement and right of publicity claims as "duplicative and coextensive." Dkt. # 8, p. 13. Plaintiffs insist that the publicity rights being asserted by Ms. Keller's children are not equivalent to any rights asserted under copyright. Dkt. #11, p. 5. They argue that because the Keller children have no ownership interest in any of the copyrights at issue, their right of publicity claim is altogether exempt from preemption. *Id*. ("[A]ll the intellectual property rights (except the right-of-publicity claims) are owned by Milo & Gabby and/or Ms. Keller. The right of-publicity claims are held by Ms. Keller's children, who do not have any ownership interest in the other intellectual property rights.") In essence, Plaintiffs assert a de-facto non-equivalency argument because "the children's right to publicity claim cannot be equivalent to a claim which they do not have." *Id*. Plaintiffs' argument misses the mark.

Plaintiffs rely on *Jules Jordan Video, Inc. v. 144942 Canada Inc*., 617 F.3d 1146 (9th Cir. 2010), the sole authority cited in Plaintiffs' response brief, for the proposition that a state right of publicity claim can be preempted only where the rights asserted by the plaintiff are equivalent to the exclusive rights held by the copyright owner. Dkt. #11, p. 5. However, Plaintiffs' reliance is misplaced. The Ninth Circuit's decision in *Jules Jordan Video* actually supports Amazon's argument. In *Jules Jordan Video*, an adult movie actor asserted a right-of-publicity claim based on allegations that his "name, likeness, photograph and voice" appeared in counterfeit films without his authorization. 617 F.3d at 1154. The Ninth Circuit found that "[t]he essence of [the actor]'s claim is that the . . . defendants reproduced and distributed the [films] without authorization" and held his claim preempted by the Copyright Act. *Id*. at 1155. Here, the essence of Plaintiff Keller's right of publicity claim is that Amazon reproduced and distributed

photographs of the children without authorization—a claim "under the Copyright Act" and thus preempted by that Act. *Id*.

Plaintiffs attempt to distinguish the asserted publicity rights from the copyright claim by arguing that the publicity rights are owned by Ms. Keller's children, while the copyrights are owned by Milo & Gabby and Ms. Keller. Dkt. #11, p. 5. But Amazon points to *Baltimore Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663 (7th Cir. 1986)—which Plaintiffs have made no attempt to distinguish—where it made no difference for the preemption analysis that a baseball club owned the copyrighted telecast encompassing individual players' alleged rights of publicity in their performances shown in the telecast. There, the Seventh Circuit held that the players' right-of-publicity claims were preempted because the claims fell within the subject matter of copyright and were equivalent to the exclusive 17 U.S.C. § 106 right to distribute the telecast held by the baseball club. *See* 805 F. 2d at 676–78.

Here, as in *Baltimore Orioles*, the factual allegations under Plaintiffs' right of publicity claim fall directly within the scope of federal copyright protection. The Complaint alleges that Amazon misappropriated the Milo & Gabby photographs by reproducing and distributing their copyrighted images without permission. Dkt. #1, ¶ 37–38. Such rights are exclusively reserved to the copyright holder under federal law. 17 U.S.C.A. § 106; *see also Baltimore Orioles*, 805 F.2d at 677–79 (7th Cir. 1986) (rejecting right of publicity claim as preempted by Copyright Act where claim implicated only violation of a copyright holder's rights to copyrighted subject matter). Thus, Plaintiffs' right of publicity claim is preempted. Because Plaintiffs' right of publicity claim is both insufficient on its face and preempted by the Copyright Act, Count V is dismissed without prejudice.

**D. Count VII - Trademark Counterfeiting**

Amazon contends that the trademark counterfeiting claim under 15 U.S.C. § 1114[7] fails because Plaintiffs have not plausibly alleged either (1) that Amazon reproduced Plaintiffs' registered trademark, and (2) that Amazon intentionally used the mark knowing that it was counterfeit. Dkt. # 12, p. 14–16.

As an initial matter, Plaintiffs contend that Amazon's graphic reproduction of Milo & Gabby's registered word and design mark takes matters outside the pleadings and transforms this motion into one for summary judgment. Dkt. # 11, p. 6 (addressing Amazon's reliance on "new evidence" not found in the pleadings "to show that an exact copy of Milo & Gabby's registered trademark does not appear on the exhibits . . . attached to the complaint"). By displaying the mixed word and design mark in Amazon's motion to dismiss, Plaintiffs claim that Amazon is asking the Court to consider new evidence outside the pleadings. *Id*. Plaintiffs argue that, as a consequence, Amazon's motion is not properly presented under Fed. R. Civ. P. 12(b)(6) and must be treated as a motion for summary judgment. *Id*. (citing Fed. R. Civ. P. 12(d)). Plaintiffs request a full and fair opportunity to discover and present all material pertinent to Amazon's

---

[7] Title 15 U.S.C. § 1114(1) states as follows:

(1) Any person who shall, without the consent of the registrant--
    (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
    (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

motion, and urge the Court to defer ruling on Amazon's motion until adequate discovery has been afforded. *Id*. (citing Fed. R. Civ. P. 56(d)).

Federal courts have long recognized procedures for considering documents outside the pleadings when ruling on motions to dismiss. District courts may take judicial notice of key documents mentioned in the pleadings where there is no factual dispute about the documents' authenticity or enforceability. Fed. R. Evid. 201(b) (a court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). In the Ninth Circuit, district courts may take judicial notice of documents that the pleadings do not mention, provided the documents are integral to the plaintiff's claims. *See, e.g.*, *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies").

It is well settled that documents attached to or incorporated by reference, such as Plaintiffs' own exhibits to the Complaint, are properly before the Court for consideration on a Rule 12(b)(6) motion. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich,* 13 F.3d 1370, 1377 (9th Cir. 1994)). Here, Plaintiffs expressly base their claims on exhibits to the Complaint and have incorporated those exhibits by reference throughout the Complaint. *See* Dkt. #1 at ¶¶ 10, 14, 16, 17-21, 23, 25, 26.

Further, the Complaint expressly identifies Milo & Gabby's design mark as "protected by U.S. Trademark Registration Number 3291697." Dkt. # 1, ¶ 8**.** Federal Rule of Evidence 201

authorizes this Court to take judicial notice of such admission because it is "not subject to reasonable dispute" in that it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004). Thus, the Court may properly examine the nature and characteristics of the protected mark without converting Defendant's motion to dismiss into one for summary judgment.

The Lanham Act defines a counterfeit mark as a spurious mark that is identical to, or substantially indistinguishable from, a mark that is registered and in use. 15 U.S.C. § 1116 (d)(1)(B). Plaintiffs point to Exhibit C and Exhibit D to the Complaint in support of their allegations that Amazon infringed the Milo & Gabby trademark. Dkt. # 1, ¶ 20. Neither exhibit, however, depicts any such use of the Milo & Gabby mark. The photographs attached as Exhibit D display the alleged knock-off products bearing the mark "DOOMAGIC," but contain no mark bearing even the slightest similarity to Plaintiffs' registered mark. Similarly, a review of Exhibit B revealed nothing resembling Plaintiffs' registered mark. The protected mark is equally absent from all other exhibits offered by Plaintiffs to support their allegations of Amazon's misuse of Milo & Gabby materials.

Here, Plaintiffs fail to present plausible factual support for trademark counterfeiting beyond bare recitation of the reproduction element of the claim. As Amazon points out, Plaintiffs cannot sustain a claim for trademark counterfeiting based upon exhibits that do not show any reproduction of Plaintiff's registered mark. To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Complaint's allegations concerning unauthorized use of Plaintiffs' trademark do not meet this standard.

But even if Plaintiffs had presented sufficient factual support for trademark reproduction, Amazon maintains that Plaintiffs' trademark counterfeiting claim would nonetheless fail because it lacks any supporting allegations that Amazon either intentionally used the registered mark knowing it was counterfeit, or was willfully blind to such use. Dkt. # 8, p. 15. Further, Amazon argues that "intent" must be pled with specificity.

As to the issue of whether intent must be plead with specificity, Plaintiffs argue that Amazon has confused "fraud or mistake," which must be pled with specificity, with "intent, knowledge, and other conditions of a person's mind," which may be alleged generally. Dkt. # 11 (citing Fed. R. Civ. P. 9(b)). Plaintiffs also insist that their trademark counterfeiting claim has been adequately alleged because the Complaint asserts that Amazon violated Plaintiffs' intellectual property rights "with full knowledge of those rights." Dkt. # 1, ¶¶ 16, 17.

Here, the bare factual allegations supporting Plaintiffs' trademark counterfeiting claim establish neither counterfeiting nor intent. Rather, Plaintiffs simply provide a formulaic recitation of the elements establishing liability under 15 U.S.C. § 1114.[8] Plaintiffs have offered no plausible, factual basis for their allegations, and thus supply no more than mere "labels and conclusions." *Twombly*, 550 U.S. at 555. Further, Plaintiffs offer no factual basis to support the

---

[8] The relevant statutory language provides:
**(1)** Any person who shall, without the consent of the registrant—
   **(a)** use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
   **(b)** reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.
15 U.S.C. § 1114 (1)(a)-(b).

intent and knowledge element of trademark counterfeiting. Accordingly, Plaintiffs' trademark counterfeiting claim and corresponding remedies are dismissed without prejudice.

**E. Prayer for Relief**

Plaintiffs' Prayer for Relief seeks to enjoin Amazon's "infringement, inducement, and contributory infringement." Dkt. #1, ¶ L. Construing the requested relief as a claim for indirect and willful infringement, Amazon urges the Court to dismiss Count I to the extent Plaintiffs are trying to allege induced or contributory patent infringement under 35 U.S.C. § 271(b) and (c). Amazon alternatively asks that the Court strike portions of Plaintiffs' Prayer for Relief based on any claim for induced, contributory, or willful patent infringement. Namely, Amazon requests that the Court strike Prayer paragraphs (C) (seeking enhanced damages), (D) (seeking a finding that case is "exceptional" under 35 U.S.C. § 285), and (L) (seeking injunctive relief related to induced and contributory infringement).

Similarly, Amazon seeks dismissal of Count II to the extent Plaintiffs assert indirect copyright infringement. In the alternative, Amazon asks the Court to strike Plaintiffs' request for injunctive relief against indirect copyright infringement.

1. Indirect and Willful Patent Infringement

A claim for indirect patent infringement requires a plaintiff to plead facts showing the defendant had knowledge of the patents at issue, as well as "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011).

To state a claim for willful patent infringement, Plaintiffs must provide factual matter to support the conclusion that Amazon had knowledge of the patents-in-suit. *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.3d 508, 511 (Fed. Cir. 1990) ("[A] party cannot be found

to have 'willfully' infringed a patent of which the party had no knowledge."); *Pacing Techs., LLC v. Garmin Int'l, Inc.*, No. 12-cv-1067, 2013 U.S. Dist. LEXIS 15728, at *10 (S.D. Cal. Feb. 5, 2013) (to survive a motion to dismiss willful patent infringement claim, a complaint must plead more than bare allegation of actual knowledge).

Amazon contends that Plaintiffs have not pled a single fact supporting indirect or willful patent infringement by Amazon and thus are not entitled to the relief requested as to those causes of action. Dkt. # 8. Plaintiffs, on the other hand, insist they have properly pled their allegations of Amazon's indirect and willful infringement of their patent rights as alternative theories of recovery under the pleading rules.

Rule 8(d)(2) allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). If a party makes alternative statements, "the pleading is sufficient if any one of them is sufficient." *Id.* However, pursuit of alternate relief does not relieve plaintiffs of their obligation to plead sufficient factual allegations in support of that request. *Garcia v. M-F Athletic Co.*, No. 11-2430, 2012 WL 531008, at *2 (E.D. Cal. Feb. 17, 2012) (although plaintiffs are allowed to plead in the alternative, on a motion to dismiss the plaintiff must allege facts that "plausibly suggest an entitlement to relief" (quoting *Iqbal*, 556 U.S. at 680)).

Plaintiffs point to paragraphs 13, 16, 17, 18, and 21 of the Complaint to defend against the motion to dismiss. However, those paragraphs contain no factual allegations addressing the requisite elements to support claims for indirect and willful patent infringement, such as Amazons' knowledge of the patents at issue or Amazon's inducement of infringement by a third party.

2. <u>Indirect Copyright Infringement</u>

To state a claim for indirect copyright infringement, a plaintiff must plead facts showing that the defendant caused a third party's infringement or distributed a work with the intent to foster infringement by third parties. *See Flava Works, Inc. v. Clavio*, No. 11 C 05100, 2012 WL 2459146, at *2 (N.D. Ill. June 27, 2012). Here, Plaintiffs make no mention of a third party in their Complaint from which the Court can infer inducement. Furthermore, the Complaint contains no allegations that Amazon directed or influenced any third party to infringe upon the federal copyright or patent rights held by the Plaintiffs.

In sum, Plaintiffs have offered insufficient factual support for their alternate theories of recovery based on indirect or willful patent infringement and indirect copyright infringement. Accordingly, those portions of Plaintiffs' Prayer for Relief are stricken as follows: Paragraph C of the Complaint is STRICKEN IN PART as to the words "and increased or enhanced damages"; Paragraph D of the Complaint is STRICKEN; and Paragraph L of the Complaint is STRICKEN IN PART as to the words "inducement and contributory infringement."

## IV. CONCLUSION

Having considered the motion, the response and reply thereto, and the remainder of the record the Court hereby finds and ORDERS:

(1) Defendant's Motion to Dismiss, In Part (Dkt. # 8) is GRANTED;

(2) Counts III, V, and VII of the Complaint are dismissed without prejudice and with leave to amend;

(3) Paragraph C of the Complaint is STRICKEN IN PART as to the words "and increased or enhanced damages";

(4) Paragraph D of the Complaint is STRICKEN;

(5) Paragraph L of the Complaint is STRICKEN IN PART as to the words "inducement and contributory infringement";

(6) Plaintiffs are ORDERED to SHOW CAUSE within <u>twenty one (21)</u> days why FAC System, LLC should not be joined as a necessary party. Defendant is permitted to file a response brief within <u>fourteen (14) days</u> of Plaintiffs' Response to Order to Show Cause.

Dated this 11th day of April 2014.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE
