UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILO & GABBY, LLC, and KAREN KELLER, an individual,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | CASE NO. C13-1932RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES |

## I. INTRODUCTION

This matter comes before the Court on Defendant Amazon's Motion for Attorney's Fees and Costs. Dkt. #53. Defendant argues that it is entitled to fees and costs as the prevailing party under both the Copyright Act and the Lanham Act. *Id.* In response, rather than address the fee issue directly, Plaintiffs appear to re-argue many of the issues raised in their prior opposition to summary judgment. Dkt. #61. Having reviewed the parties' briefing, and having determined that no oral argument is necessary on this motion, the Court now GRANTS Defendant's motion.

## II. BACKGROUND

A more complete background has been set forth in this Court's Order on summary judgment, which is incorporated by reference herein. Dkt. #44. On October 24, 2013, Plaintiffs filed the instant lawsuit alleging that Amazon was using Plaintiffs' intellectual

ORDER
PAGE - 1

property to wrongfully market, sell, and distribute inferior-quality knockoffs of Plaintiffs' animal-shaped pillowcases on the amazon.com website. On April 11, 2014, the Court granted Defendant's Rule 12(b)(6) motion and dismissed Plaintiffs' claims for unfair competition under Washington's Consumer Protection Act; right of publicity; and trademark counterfeiting under the Lanham Act. Dkt. #13. The Court also struck Plaintiffs' claim for patent infringement based on any allegation of induced, contributory, or willful patent infringement, as well as Plaintiffs' claim for indirect copyright infringement. *Id.* On July 16, 2015, this Court granted in part and denied in part Defendant's motion for summary judgment, dismissing Plaintiffs' copyright and remaining Lanham Act claims in their entirety, but allowing a direct patent infringement claim to proceed. Dkt. #44 at 25. Defendant now seeks fees and costs based on the dismissed claims.

### III. DISCUSSION

**A. Fees for Prevailing Party on Copyright Claim**

This Court has discretion to grant attorney's fees and costs to a prevailing party on a copyright claim. The United States Supreme Court has mandated that "[p]revailing plaintiffs and prevailing defendants are to be treated alike" by the courts. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). Relevant to the consideration of such an award is:

> the Copyright Act's primary objective, "to encourage the production of original literary, artistic, and musical expression for the good of the public"; the fact that defendants as well as plaintiffs may hold copyrights and "run the gamut from corporate behemoths to starving artists"; the need to encourage "defendants who seek to advance a variety of meritorious copyright defenses ... to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement"; and the fact that "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright."

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 557-58 (9th Cir. 1996) (ellipsis in original; citations omitted) (*Fogerty*, 510 U.S. at 524-27). Defendant argues that its successful defense of Plaintiffs' copyright claims furthered the policies of the Copyright Act under the circumstances of this case, and therefore an award of fees and costs is appropriate. Dkt. #53 at 3-5.

Plaintiffs do not directly respond to Defendant's motion. First, they attack the validity of the Declarations previously relied on by Defendant's to support its motion for summary judgment, but which have not been cited in support of the instant motion for fees and costs and are therefore irrelevant. Dkt. #61 at 1-2. Plaintiffs then rehash at length their arguments previously raised in opposition to summary judgment pertaining to whether Defendant is a "seller" for purposes of the Copyright Act, asserting that the issue has not been fully resolved by the Court. Dkt. #61 at 2-4. Plaintiffs also appear to believe that this Court never addressed the sale of physical products. Such arguments completely ignore the rulings of this Court. Indeed, in its prior ruling on summary judgment, this Court expressly rejected:

> Plaintiffs' contention that Amazon is liable for [copyright][1] infringement **based on its sales and shipment of physical items**. Here, the evidence demonstrates that Amazon is not the seller of the alleged infringing products. *See* Dkt. #35 at ¶ 12. Likewise, third-party sellers retain full title to and ownership of the inventory sold by the third party. Dkt. #34 at ¶ 4. Plaintiffs have provided no evidence to the contrary with respect to any specific third party involved with the products in this case. Accordingly, the Court concludes that Amazon was not the seller of the products at issue here. *Hendrickson v. Amazon.com, Inc.*, 298 F. Supp.2d 914, 915 (C.D. Cal. 2003) (holding that under similar circumstances Amazon was an internet service provider for the third party and not a seller).

Dkt. #44 at 10-11 (emphasis added).

---

[1] While the Court inadvertently used the term "trademark" infringement in its order, it should have been obvious to all parties that the Court was actually discussing copyright infringement, as the legal discussion referenced the Copyright Act, the title of the section of the Order referenced "Direct Copyright Infringement," and the parties argued copyright infringement in their briefs. *See* Dkts. #30, #36, #39 and #44 at 7-11.

ORDER
PAGE - 3

The Court assumes that Plaintiffs have raised these arguments to demonstrate the reasonableness of their underlying opposition on summary judgment, which is one of the factors that may be considered on a motion for attorney's fees and costs. *Halicki Films, LLC v. Sanderson Sales and Marketing*, 547 F. 3d 1213, 1230 (9th Cir. 2008). The Court has considered Plaintiffs' arguments, and, although the Court does not find them directly on point, ultimately, even though Plaintiffs claims were summarily dismissed, it cannot be said that Plaintiffs claims were frivolous, that legal or factual arguments underlying those claims were objectively unreasonable, or that an award of costs is necessary to advance considerations of deterrence. As a result, the Court denies Defendant's motion for fees and costs under the Copyright Act.

**B. Fees for Prevailing Party on Lanham Act Claim**

Thus, the Court turns to Defendant's request for fees and costs under the Lanham Act. Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). The Ninth Circuit has held that "this requirement is met when the case is *either* 'groundless, unreasonable, vexatious, *or* pursued in bad faith.'" *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (emphasis in original); *accord Secalt S.A. v. Wuxi Shenxi Constr. Mach. Co.*, 668 F.3d 677, 687 (9th Cir. 2012). The Ninth Circuit has explained that the "exceptional circumstances" requirement is to be construed narrowly. *Classic Media, Inc. v. Mewborn*, 532 F.3d 978, 990 (9th Cir. 2008). Where a plaintiff is "able to provide some legitimate evidence" in support of his claims, the case will "likely fall on the unexceptional side of the dividing line." *Secalt,* 668 F.3d at 688.

ORDER
PAGE - 4

As the Supreme Court recently held construing identical language under the Patent Act, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816 (2014). However, "the mere absence of bad faith on [the losing party's part] does not render [the prevailing party] ineligible for attorneys' fees." *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d at 687 (quoting opinion below and affirming). Although the Lanham Act may not require *subjective* bad faith, a defendant seeking attorneys' fees under the Lanham Act must demonstrate, at minimum, that "the plaintiff has no reasonable or legal basis to believe in success on the merits." *Id.*

In this case, the Court finds Plaintiffs' Lanham Act claims to have been groundless and unreasonable. As an initial matter, the Court dismissed Plaintiffs' trademark counterfeiting claim for Plaintiffs' failure to state a plausible claim for relief. Dkt. #13 at 11-16. The Court noted:

> Plaintiffs fail to present plausible factual support for trademark counterfeiting beyond bare recitation of the reproduction element of the claim. As Amazon points out, Plaintiffs cannot sustain a claim for trademark counterfeiting based upon exhibits that do not show any reproduction of Plaintiff's registered mark. To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Complaint's allegations concerning unauthorized use of Plaintiffs' trademark do not meet this standard.
> . . .
> Here, the bare factual allegations supporting Plaintiffs' trademark counterfeiting claim establish neither counterfeiting nor intent. Rather, Plaintiffs simply provide a formulaic recitation of the elements establishing liability under 15 U.S.C. § 1114. Plaintiffs have offered no plausible, factual basis for their allegations, and thus supply no more than mere

ORDER
PAGE - 5

> "labels and conclusions." *Twombly*, 550 U.S. at 555.  Further, Plaintiffs offer no factual basis to support the intent and knowledge element of trademark counterfeiting.  Accordingly, Plaintiffs' trademark counterfeiting claim and corresponding remedies are dismissed without prejudice.

Dkt. #13 at 14-16 (footnote omitted).  Plaintiffs did not amend the Complaint at any point to re-plead this claim.

Next, the Court dismissed Plaintiffs' remaining Lanham Act claims in their entirety on summary judgment, in part because they failed to show any evidence of a valid enforceable mark entitled to protection.  Dkt. #44 at 20.  For reasons this Court does not understand, Plaintiffs now argue that the Lanham Act issues have yet to be decided and therefore fees under the Act should be denied.  *See* Dkt. #61 at 5-6.  Yet, the Court's prior Order on summary judgment could not be more clear:

> In this case, Plaintiffs' claim fails because there is no evidence of a valid, enforceable mark entitled to protection under the Act.  Plaintiffs have asserted that their trademark claim rests on alleged violations of "MILO & GABBY; COZY COMPANIONS; Original M&G TM Number – 3291697; Additional M&G TM Number – 4644732". Dkt. #31, Ex. A at *Response to Interrogatory No. 16*.  "MILO & GABBY; COZY COMPANIONS" is a mixed word and design mark registered as U.S. Trademark No. 3291697 (the "Design Mark").  "MILO & GABBY" is a character mark registered as U.S. Trademark No. 4644732 (the "Word Mark").  Dkt. #31 at ¶ 10 and Ex. A at *Response to Interrogatory No. 16.*  Defendants assert, and Plaintiffs have offered no evidence in rebuttal, that there is no evidence of any alleged use by Amazon of the Design Mark. Rather, it appears Plaintiffs assert an alleged use of the Word Mark via an image that allegedly depicts Plaintiffs' marketing materials and reflects the text "Milo & Gabby."  *Id.*  However, that Word Mark was not registered until November 25, 2014, over a year after the lawsuit was filed and the mark allegedly used. Dkt. #31 at ¶ 11 and Ex. B.  Therefore, there was no presumption of validity at the time of alleged use. *See Toho Co. v. Sears, Roebuck & Co*., 645 F.2d 788, 789 (9th Cir. 1981) (explain that without federal registration, there is no presumption of validity).
>
> Moreover, to the extent Plaintiffs now claim that Amazon is infringing "COZY COMPANION," a purported common-law mark, *see* Dkt. #36 at 22-23, this Court takes judicial notice of the fact that COZY COMPANION is not a registered trademark.  Dkt. #39 at 11, fn. 15.  Further, Plaintiffs

ORDER
PAGE - 6

>have failed to provide any evidence from which a jury could conclude that they own any rights in a COZY COMPANION mark, that this alleged mark serves as an identifier of source in the minds of consumers such that it is entitled to legal protection, or that there is any evidence of confusion. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 929 (9th Cir. 2014) (a plaintiff asserting an unregistered, common-law trademark must establish both ownership and protectability of the mark, including proof of distinctiveness).
>
>Finally, the Court addresses Plaintiffs' arguments with respect to vicarious liability under the Lanham Act or "palming off" in violation of the Lanham Act, which have been raised for the first time in response to Defendant's summary judgment motion. Plaintiffs have never raised these theories of liability in their Complaint, nor have they alleged any facts in their Complaint providing notice to Defendant that they intended to advance such theories. *See* Dkt. #1. Accordingly, the Court will not consider Plaintiffs' arguments. *Pickern*, 457 F.3d at 965; *Williams*, 2013 U.S. Dist. LEXIS 72722 at *25.
>
>For all of these reasons, the Court dismisses Plaintiffs' Lanham Act claim in its entirety.

Dkt. #44 at 20-21. In this case, Plaintiffs essentially pursued a claim for which they had no evidentiary basis, and then attempted to circumvent that problem by improperly raising legal arguments never pled in their Complaint.[2]

Finally, Plaintiffs continue to assert that they will pursue their Lanham Act claims, stating in their opposition to the instant motion that: "M&G had, and has, ample basis to continue the Lanham Act causes of action given Amazon's intimate involvement in the selection, retention, and redistribution of images that bear M&G's trademarks." Dkt. #61 at 6. That assertion again ignores the prior rulings of this Court. The Court reminds Plaintiffs that, in no uncertain terms, their Lanham Act claims have been dismissed in their entirety, and warns Plaintiffs that if they continue to ignore this Court's rulings on those claims, they will be

---

[2] Plaintiffs also seem to believe that this Court's prior Minute Order directing a response to Defendant's motion for reconsideration on Plaintiffs' patent infringement claim has some bearing on the Lanham Act claim. *See* Dkt. #61 at 5 (referencing Dkt. #58). Nothing in the Court's Minute Order pertains to the Lanham Act claims at issue here, nor does the Minute Order lend any weight to Plaintiffs' arguments on the Lanham Act claims.

ORDER
PAGE - 7

subject to sanction. The Court also agrees with Defendant that Plaintiffs' apparent willful ignorance of the Court's dismissal of their Lanham Act claims serves as another basis to find frivolousness in this matter.

As a result, for all of the reasons discussed herein, the Court finds this case to be "exceptional" under the Lanham Act and therefore awards attorney's fees and costs to Defendant.

## IV.   CONCLUSION

Having reviewed Defendant's motion, the response in opposition thereto and reply in support thereof, along with the remainder of the record, the Court hereby FINDS and ORDERS:

1) Defendant's Motion for Fees and Costs (Dkt. #53) is GRANTED.

2) **Within fourteen (14) days from the date of this Order**, Defendant shall file a Supplemental Motion for Award of Fees and Costs, supplying this Court with detailed documentation supporting the requested fees and costs. Defendant shall note the Motion for consideration <u>no later than two Fridays after the motion is filed</u>. Plaintiffs shall file a response <u>not to exceed ten (10) pages</u>, <u>no later than the Monday prior to the noting date</u>. **No reply shall be filed**. Upon the completion of briefing, the Court will take this matter under consideration without oral argument.

DATED this 1 day of September 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 8