UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILO & GABBY, LLC, and KAREN KELLER, an individual,<br><br>             Plaintiffs,<br><br>     v.<br><br>AMAZON.COM, INC.,<br><br>             Defendant. | Case No. C13-1932RSM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE |

## I.     INTRODUCTION

THIS MATTER comes before the Court on Defendant's Motions In Limine. Dkt. #110. Having reviewed the parties' briefing on each of the issues raised in Defendant's motion, the Court GRANTS IN PART and DENIES IN PART the motions as follows.

## II.     DISCUSSION

**A.  Keller Children**

Defendants first ask the Court to exclude any mention of the Keller children or that their images have been depicted in the Third-Party Sellers' marketing materials and product packaging on the basis that it is irrelevant to the only remaining claim in this case, and is highly prejudicial because such information is likely to inflame emotions and improperly influence the jury. Dkt. #110 at 1-2. Plaintiffs oppose the motion, arguing that: 1) it is necessary for them to

ORDER
PAGE - 1

explain how they were able to determine that their own materials were being used to market knock off products; 2) they must be able to present evidence of willful infringement on the part of the non-Amazon Defendants; and 3) this evidence is relevant to how they have been harmed. Dkt. #122 at 2-3.  The Court DENIES this motion.  Given the broad range of potential evidence that Plaintiffs could seek to introduce and the nature of the remaining claim, the Court will rule upon specific evidentiary objections during the course of the trial.

### B.  Evidence of Dismissed Claims

Defendant next move to exclude any evidence or discussion relating to or supporting Plaintiffs' dismissed claims, as well as any evidence regarding infringement of the asserted patents through sales of, importing, making or using the accused pillowcases. Dkt. #110 at 2-4. Plaintiffs argue that evidence supporting their dismissed claims and remaining claim overlaps and is relevant.  Dkt. #122 at 4-5.  The Court DENIES this motion IN PART.  Plaintiffs will be precluded from specifically discussing their dismissed claims.  However, given the broad range of potential evidence that Plaintiffs could seek to introduce and the nature of the remaining claim, the Court will rule upon specific evidentiary objections during the course of the trial.

### C.  Evidence In Support of Damages

Defendants next seek an Order from the Court precluding Plaintiffs from offering any evidence or argument in support of damages.  Dkt. #110 at 4-12.  The Court DENIES this motion.  First, to the extent that it seeks to exclude entire theories asserted by Plaintiffs, a motion in limine is not the appropriate mechanism for such a motion.  Second, the motion fails to address Plaintiffs' damages theory under 35 U.S.C. § 289, or why they should not be allowed to present evidence in support of those damages.  Finally, specific testamentary objections can be made during trial, at which time the Court can make an appropriate ruling.

### D. Indemnity

Defendant initially moved to exclude any argument or testimony that Defendant may have claims for indemnification against the Third-Party Sellers. Dkt. #110 at 12. However, the parties have since informed the Court that this motion has been resolved. Dkt. #123 at 9. Accordingly, this motion is moot.

### E. Parties' Respective Financial Positions

Defendant next moves to preclude any evidence of the parties' respective financial positions as prejudicial. Dkt. #110 at 13. Plaintiffs respond that Defendant's motion should be denied as vague. Dkt. #122 at 13. The Court GRANTS Defendant's motion. The parties shall not present argument comparing the relative size and financial positions between the parties. Specific objections about proposed evidence in support of any damages claims will be addressed by the Court during trial as noted above.

### F. Comparison of Products

Defendant next moves to preclude Plaintiffs from drawing any comparison between any of its own commercial products and the accused products in support of their patent infringement claim on the basis that the accused products should only be compared to the patented design as a matter of law. Dkt. #110 at 14. Defendant also appears to be arguing against any comparison between marketing materials, although that is not entirely clear given that certain words or phrases appear to be missing from Defendant's briefing, resulting in an incoherent argument. *See* Dkt. #110 at 14. In any event, the Court GRANTS this motion given that the only remaining claim in this matter involves whether Amazon.com "offered to sell" the Third-Parties' products at issue which should not require any comparison of products or marketing materials. Nothing in this Order precludes Plaintiffs from addressing specific

ORDER
PAGE - 3

evidence or testimony with the Court at the time of trial and providing more context for its necessity.

### G. M&G's Website Statements

Finally, Defendant asks the Court to Order that Plaintiffs remove certain statements from their website, which it asserts are inaccurate, prejudicial, and may taint potential jurors, and also constitute impermissible argument regarding remedial measures. Dkt. #110 at 15-18. Plaintiffs respond that such action would be an unconstitutional prior restraint on speech, and that evidence of subsequent remedial measures is admissible in certain circumstances. Dkt. #122 at 15-18. The Court DENIES this motion. Both parties will have the chance to explore with the jurors during *voir dire* their familiarity with any of the parties and the issues in this case. Further, the Court has standard instructions for the jurors regarding internet research and exposure to the media, and there is no reason to believe at this time that the jurors will not follow such instructions.

DATED this 21 day of October, 2015.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4