UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILO & GABBY, LLC, *et al.* | Case No. C13-1932RSM |
| Plaintiffs, | OPINION OF THE COURT |
| vs. | |
| AMAZON.COM, *et al.* | |
| Defendants. | |

## I. INTRODUCTION

In this action, Plaintiffs, Milo & Gabby, LLC and Karen Keller, sought money damages from Defendant, Amazon.com, Inc. ("Amazon"), for its "offering to sell" products that allegedly infringe certain design patents. Plaintiffs also sought an Order from this Court which would prevent Amazon from importing, offering to sell, or selling these products in the future. Amazon has stipulated that the allegedly infringing products are substantially similar to the designs covered by the Milo & Gabby patents. Further, the Court has previously determined that certain Third Parties – Da Fang Sun, Chongqin World First Electronic Commerce Co., Ltd., T Liu, FAC System, Dinding Zou, Qiumei Zhang, Charlotte Xia, Nimble Joy, Amanialarashi2165, and Monaqo – were responsible for providing the products that were accused of infringement. The Court has also previously determined that Amazon did not sell any of the allegedly infringing

OPINION - 1

products. Throughout the pendency of this case, Amazon has denied that it "offered to sell" the allegedly infringing products.

On October 26, 27 and 28, 2015, the Court conducted a Jury trial in this matter, with the agreement and understanding by the parties that any verdict would be only advisory in nature given that whether something constitutes an "offer to sell" is a question of law for the Court. However, the Court and the parties recognized that the answer to that question is dependent on underlying factual findings, which the Court found appropriate for the Jury to determine.

Following the trial, the Jury found in favor of Amazon, answering all of the following questions in the negative:

1. Do you find that Amazon, through its website, communicated a description of the allegedly infringing products? No.
2. Do you find that Amazon, through its website, communicated the price at which the allegedly infringing product could be purchased? No.
3. Do you find that Amazon provided the descriptions of the allegedly infringing products? No.
4. Do you find that Amazon set the price at which the allegedly infringing products could be purchased? No.
5. Do you find that Amazon set the quantity(ies) of the allegedly infringing product(s) for sale on its website? No.
6. Do you find that Amazon, through its website, communicated that it was willing to enter into a bargain to sell the allegedly infringing products? No.
7. . . .

OPINION - 2

8. Have Plaintiffs proven that it is more likely than not that Amazon offered to sell the alleged infringing products? No.

Dkt. #149.

The Court has since considered the evidence and testimony presented at trial, reviewed the parties' exhibits, and considered the Verdict of, and facts determined by, the Jury, and now enters the following Order also concluding that Amazon did not "offer to sell" the alleged infringing products and therefore is not liable to Plaintiffs for patent infringement.

## II. BACKGROUND

The Court has previously set forth the background of this matter and incorporates that background by reference herein. *See* Dkt. #44.

## III. DISCUSSION

The Federal Circuit defines "§ 271(a)'s 'offer to sell' liability according to the norms of traditional contractual analysis." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254-55 (Fed. Cir. 2000). "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." Restatement (Second) of Contracts § 24 (1981). "One of the purposes of adding 'offer [ ] to sell' to section 271(a) was to prevent . . . generating interest in a potential infringing product to the commercial detriment of the rightful patentee." *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005) (quoting *3D Sys., Inc.*, 160 F.3d at 1379). "An offer to sell is a distinct act of infringement separate from an actual sale. An offer to sell differs from a sale in that an offer to sell need not be accepted to constitute an act of infringement." *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1308 (Fed. Cir. 2010).

While the Federal Circuit has most often addressed "offer to sell" liability in the jurisdictional context, analyzing where the offer took place, this Court is not aware of any Federal Circuit case directly addressing the central issue before this Court – that is, <u>who</u> made the alleged "offer to sell." Thus, this Court acknowledges its difficulty in reaching its conclusion in this matter.

Nonetheless, based on the factual determinations made by the Jury, the Court concludes that Amazon did not "offer to sell the alleged infringing products in this case. Indeed, as noted above, the Jury specifically found the following:

- Amazon, through its website, did not communicate a description of the allegedly infringing products;

- Amazon, through its website, did not communicate the price at which the allegedly infringing product could be purchased;

- Amazon did not provide the descriptions of the allegedly infringing products;

- Amazon did not set the price at which the allegedly infringing products could be purchased;

- Amazon did not set the quantity(ies) of the allegedly infringing product(s) for sale on its website;

- Amazon, through its website, did not communicate that it was willing to enter into a bargain to sell the allegedly infringing products

Dkt. #149.

Based on these findings, and having reviewed the evidence and testimony presented in this matter, the Court can only conclude that Amazon did not offer to sell the alleged infringing products because there was no manifestation of the willingness of Amazon to enter into a

OPINION - 4

bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.

However, the Court is troubled by its conclusion and the impact it may have on the many small retail sellers in circumstances similar to the Plaintiffs. There is no doubt that we now live in a time where the law lags behind technology. This case illustrates that point. Amazon's representative, Christopher Poad, testified that Amazon completely changed the online market place by creating a platform where any seller can offer products to Amazon's customers. He further testified that Amazon allows sellers to offer their products with minimal effort, by simply filling out an online information form, clicking on an agreement to Amazon's terms and conditions, and providing certain banking information. Amazon then offers those sellers both payment processing and fulfillment services, all with an asserted interest in providing the best service to their customers. Mr. Poad also testified that when customers cannot resolve problems with a particular seller, Amazon will often step in to make things right. As a result, Amazon enables and fosters a market place reaching millions of customers, where anyone can sell anything, while at the same time taking little responsibility for "offering to sell" or "selling" the products.[1] Indeed, under the current case law, Amazon has been able to disavow itself from any responsibility for "offering to sell" the products at all. As noted above, the purpose of "adding 'offer [ ] to sell' to section 271(a) was to prevent . . . generating interest in a potential infringing

---

[1] The Court recognizes that Amazon asserts and embraces an interest in preventing counterfeit and dangerous products from being sold through its Amazon.com website, that it reserves the right to unilaterally remove such products from the website, and has created a mechanism by which intellectual property owners can complain about violations of property rights. The Court also acknowledges that Amazon removed the alleged infringing products in this case from the Amazon.com website, continued to monitor and remove those product pages throughout the litigation, and barred the other Defendant sellers from selling at all on Amazon.com.

OPINION - 5

product to the commercial detriment of the rightful patentee." *MEMC Elec. Materials, Inc.*, 420 F.3d at 1376.  In this instance, the Court is not convinced that such purpose has been fulfilled. However, that is a subject which must be addressed to Congress and not the courts.

For the reasons above, the Court adopts the verdict of the Jury and finds that Amazon is not liable for "offering to sell" the alleged infringing products at issue in this matter.  Judgment shall be entered in favor of Amazon.  All Plaintiffs' claims against Amazon are dismissed.

DATED this 3 day of November 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

OPINION - 6